UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT D. SANGO,

        Plaintiff,                        Case No. 1:15-cv-179

v.

                                        Honorable Gordon J. Quist

UNKNOWN NEVINS et al.,

        Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiff Robert D. Sango, a prisoner incarcerated at Ionia Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton*

*v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been a very active litigant in the federal courts in Michigan over the last two years, having filed more than eighteen cases in this District. At least three of Plaintiff's lawsuits

have been dismissed for failure to state a claim. *See Sango v. Lewis et al.*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Hammond et al.*, No. 1:14-cv-283 (W.D. Mich. May 6, 2014); *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014). In addition, Plaintiff repeatedly has been denied leave to proceed *in forma pauperis* in this Court because he has three strikes. *See Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Michigan State Office of Administrative Hearings and Rules et al.*, No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Curtis et al.*, No. 1:14-cv-823 (W.D. Mich. Aug. 14, 2014); *Sango v. Wakley et al.*, 1:14-cv-703 (W.D. Mich. July 8, 2014).

Plaintiff alleges that he is in imminent danger within the meaning of § 1915(g). Plaintiff's allegations implicate the imminent danger exception. The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner

complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In his complaint, Plaintiff claims that on February 13, 2015, Sergeant Drabek and Corrections Officer Berrington cuffed him and moved him to an off-camera holding cell. Berrington allegedly ordered Plaintiff to strip, bend over and back up to the food slot. When Plaintiff felt Berrington's hand touch his buttocks, Plaintiff jumped and moved away from the bars. Berrington allegedly told Plaintiff to come back to the bars "or be gassed and hog tide [sic]." (Compl. ¶ 9, Page ID# 2.) According to Plaintiff, Berrington "rammed his finger in [Plaintiff's] rectum and wiggled it around making a turkey gobbling noise, and everyone (c/o's Hilzy, Borman, Sperry) laughed." (*Id.*) Plaintiff alleges that Berryman threatened, "next time I'll be ramming a flash light up your ass." (*Id.*) When the incident began, Plaintiff asked Drabek if he was just going to stand there. Drabek responded "no" and walked away. When Plaintiff tried to speak to Drabek on the way back to his cell, Drabek allegedly told him to "shut [his] fucking mouth." Later that day, Drabek reviewed a misconduct report with Plaintiff, who was charged with falsely accusing Officers Wilkinson and Richardson of threatening to sexually assault him in December 2014. (*See* Misconduct Report, docket #1-1, Page ID#9.) Drabek told Plaintiff that "staff had been waiting for something to use to discredit [him], and that now they would 'ass rape' [Plaintiff] with a flash light if [he] didn't dismiss [his] current 'bullshit' in the courts." (Compl. at ¶ 10, Page ID#3.)

With regard to the alleged incident involving digital penetration by Defendant Berrington, allegations of past danger or injury are insufficient to satisfy the imminent danger exception. *See Rittner*, 290 F. App'x at 797-98. Moreover, the alleged threats by Defendants Berrington and Drabek to sexually assault Plaintiff with a flash light are not sufficiently credible to allow Plaintiff to proceed under the exception. As previously discussed, Plaintiff received a

misconduct charge for making false allegations of sexual assault against other corrections officers in December 2014. In addition, Plaintiff made similar allegations of sexual assault against a different officer in a previous case filed in this Court in January 2015. *See Sango v. Eryer et al.*, 1:15-cv-71 (W.D. Mich.). In that case, Plaintiff claimed that Officer Eryer rammed his flashlight up Plaintiff's rectum in order to stop him from pursuing a civil rights action in this Court. Given that Plaintiff has made the same or similar allegations against a variety of officers over a period of months, the Court cannot reasonably conclude that Plaintiff was under an existing danger at the time he filed his complaint.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.


Dated:  March 5, 2015                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**